Nov. Term,
1860.

ALDRIDGE
v.
CLARK.

---

ALDRIDGE *v.* CLARK and Others.

APPEAL from *Vermillion* Circuit Court.

HANNA, J.—The appellant was plaintiff below. A demurrer was sustained to his complaint; which is the only ruling complained of.

*Saturday,*
*December* 8.

It is averred that said *Clark* had before that time recovered a judgment against said appellant, and one *B. F. Aldridge*, for $230; that execution issued and was levied on the property of said *B. F. Aldridge*, of the value of $240; that plaintiff, although apparently jointly liable, was, in fact, security only; that during his temporary absence from home, by reason of which he could not protect himself as he otherwise would have done, said *Clark* and one *Washburn*, " fraudulently contrived and deceitfully concerted and acted together, to induce the said sheriff to sell said property, and that said property was, in point of fact, bid off to said *Clark*, but done in the name of said *Washburn*;" that the sale was " fraudulent, oppressive and void;" the property being sold for $43. The execution plaintiff, the purchaser, and the sheriff, are made defendants.

The causes of demurrer assigned, are, insufficiency of the complaint, and want of proper parties.

We are of opinion the ruling on the demurrer was correct.

Nov. Term,  It is shown that the person whose property was sacrificed was
1860.       the principal debtor.   He does not complain.   It is not shown
JUNCTION    but that he is amply able to pay the balance of the judg-
RAILROAD Co. ment; nor is it averred that any effort is being made to
v.          compel the plaintiff to pay that balance.   How he is injured,
REEVE.      is not apparent from the record.

*Per Curiam.*—The judgment below is affirmed, with costs.

*J. E. McDonald*, and *A. L. Roache*, for appellant.

*J. P. Usher*, for appellees.